Filed 8/15/22  P. v. Villalobas CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　Plaintiff and Respondent,<br><br>v.<br><br>ROLANDO VILLALOBOS,<br><br>　Defendant and Appellant. | 2d Crim. No. B311695<br>(Super. Ct. No. BA220761)<br>(Los Angeles County) |

　　In 2002, Rolando Villalobos was convicted, by jury, of conspiracy to commit murder, attempted murder and second degree murder.  We affirmed the conviction in an unpublished opinion.  (*People v. Villalobos* (June 3, 2003, B157098) (*Villalobos*).)  In 2019, appellant filed a petition for resentencing under Penal Code former section 1170.95 (now § 1172.6).[1]  The

---

　　[1] All statutory references are to the Penal Code unless otherwise stated.  Effective June 30, 2022, section 1170.95 was renumbered as section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)  We will refer to the statute as section 1172.6.

trial court appointed counsel to represent appellant and, after reviewing the parties' briefs, denied the petition on the ground that appellant was ineligible for resentencing because he was convicted of provocative act murder rather than felony murder or murder on a natural and probable consequences theory. Appellant contends the trial court erred because the jury instructions at his trial would have allowed the jury to convict him by imputing to him the malice of the person who committed the provocative act, without finding that appellant personally had the intent to kill. We affirm.

*Facts*

Our opinion in appellant's previous appeal contains the following statement of facts:

"Paul Rodarte was a member of the 38th Street gang. Appellant and Jesse [also known as Jesus] Morales were 'associates' who had not been initiated into the gang. All three were present at a party when a member of the rival Barrio Mojadas (BMS) gang drove by and shot at them. Intending to retaliate, Rodarte and Morales got into appellant's car and he drove them into BMS gang territory at 49th and Compton. Rodarte was in the front passenger seat and Morales was seated in the rear. Rodarte reached across appellant and fired a handgun through the open driver's side window at 'some bald-headed individuals on the sidewalk.' Someone returned fire, fatally wounding Morales." (*Villalobos, supra,* B157098, slip opn. at p. 2, fn. omitted.)

*Discussion*

Appellant contends he is eligible for relief under section 1172.6 because he did not commit the provocative act and the jury could have convicted him of murder, attempted murder and

2

conspiracy to commit murder by imputing to him the malice of the provocateur. We are not persuaded.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (S.B. 1437) amended the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, §1, subd. (f).) To that end, S.B. 1437 amended section 189, by adding subdivision (e), which provides: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: (1) The person was the actual killer. (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life . . . ."[2] (Stats. 2018, ch. 1015, §3.) It also added subdivision (a)(3) to section 188, barring conviction for murder under the natural and probable consequences doctrine. (*People v. Gentile* (2020) 10 Cal.5th 830, 851.)

Section 1172.6 permits a person convicted of felony murder, murder under the natural and probable consequences doctrine,

---

[2] The felonies listed in subdivision (a) of section 189 include, "murder that is perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person outside of the vehicle with the intent to inflict death . . . ."

"or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter . . . [,]" to file a petition to have his or her murder conviction vacated and "to be resentenced on any remaining counts" when certain conditions apply. (*Id.*, subd. (a).) One such condition is that "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made [by S.B. 1437] effective January 1, 2019." (*Id.*, subd. (a)(3).)

The statute directs the trial court to appoint counsel for any petitioner who files a facially sufficient petition and requests counsel. (§1172.6, subd. (b)(3).) After reviewing the parties' briefs, "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (*Id.*, subd. (c).)

At this stage of the process, the trial court may not engage in factfinding regarding the petitioner's culpability, but should deny a petition if the record of conviction establishes that the petitioner is ineligible for relief as a matter of law. (*People v. Lewis* (2021) 11 Cal.5th 952, 971; see also *People v. Mancilla* (2021) 67 Cal.App.5th 854, 864-865 (*Mancilla*).) A petitioner is ineligible for relief as a matter of law if the record of conviction shows that he or she was not convicted under a theory of liability affected by S.B. 1473's amendments to the law of murder. (*Mancilla, supra,* at pp. 866-867; *People v. Farfan* (2021) 71

4

Cal.App.5th 942, 947; *People v. Medrano* (2021) 68 Cal.App.5th 177, 182-183.)

Here, appellant's jury was not instructed on felony murder or murder under the natural and probable consequences theory. It was instead instructed on malice murder (CALJIC Nos. 8.10, 8.11) and provocative act murder. (CALJIC No. 8.12.) These are theories of murder liability that were not affected by S.B. 1473's amendments to sections 188 and 189. (*People v. Johnson* (2020) 57 Cal.App.5th 257, 261 (*Johnson*).)

Provocative act murder requires proof that appellant personally harbored express or implied malice. "A murder conviction under the provocative act doctrine thus requires proof that the defendant personally harbored the mental state of malice, and either defendant or an accomplice intentionally committed a provocative act that proximately caused an unlawful killing." (*People v. Gonzalez* (2012) 54 Cal.4th 643, 655 (*Gonzalez*); see also *Mancilla, supra,* 67 Cal.App.5th at p. 866 [quoting *Gonzalez*]; *Johnson, supra,* 57 Cal.App.5th at p. 265 [provocative act murder requires proof ""that the defendant personally harbored . . . malice" . . . "].)

A defendant who does not personally commit the provocative act may nevertheless be liable for a killing caused by the provocateur based upon having aided and abetted commission of the underlying provocative criminal act. ""Thus, under the provocative act doctrine, a defendant may be vicariously liable for the provocative *conduct* of his surviving accomplice in the underlying crime. [Citation.]" [Citation.]' . . . [¶] 'As to the mental element of provocative act murder, the People must prove "that the defendant personally harbored . . . malice." [Citations.] But, malice may be implied . . . ."' (*Johnson, supra,* 57

Cal.App.5th at p. 265, quoting *People v. Johnson* (2013) 221 Cal.App.4th 623, 629-630.)

The jury at appellant's trial was instructed that, to find appellant guilty of provocative act murder, it would have to find: "1. The crime of conspiracy to commit murder or attempted murder was committed; [and] 2. During the commission of the crime, a surviving perpetrator the defendant also committed an intentional provocative act . . . ." (CALJIC No. 8.12.) It was further instructed that conspiracy to commit murder "requires proof that the conspirators harbored express malice aforethought, namely, the specific intent to kill unlawfully another human being." (CALJIC No. 8.69.) With respect to attempted murder, the jury was instructed, "In order to prove attempted murder, each of the following elements must be proved: 1. A direct but ineffectual act was done by one person towards killing another human being; and 2. The person committing the act harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being." (CALJIC No. 8.66.)

Finally, the jury was instructed that a person who aids and abets the commission of a crime is "equally guilty" as the person who directly and actively commits the act constituting the crime. (CALJIC No. 3.00.) To find appellant guilty of aiding and abetting any of the charged offenses, the jury was instructed it had to find that he, "(1) with knowledge of the unlawful purpose of the perpetrator and (2) with the intent or purpose of committing or encouraging or facilitating the commission of the crime, and (3) by act or advice aid[ed], promote[d], encourage[d] or instigate[d] the commission of the crime." (CALJIC No. 3.01.)

Appellant's jury thus could not have convicted him of provocative act murder without finding that he committed either

6

conspiracy to commit murder or attempted murder. Each offense required a finding that appellant personally harbored the specific intent to kill. Because the only theories of murder liability presented to the jury required malice, appellant is not eligible for section 1172.6 relief as a matter of law. The trial court did not err in denying the petition at the prima facie stage.

Appellant contends this result violates his right to equal protection because provocative act murder, where the defendant is not the provocateur, is a form of vicarious liability and should be treated like felony murder or natural and probable consequences murder for purposes of section 1172.6. The state and federal constitutional guarantee of equal protection "'compels recognition of the proposition that persons similarly situated with respect to the legitimate purpose of the law receive like treatment.'" (*In re Gary W.* (1971) 5 Cal.3d 296, 303.) But as we noted in *Johnson, supra,* 57 Cal.App.5th 257, persons convicted of provocative act murder are not similarly situated to those convicted of felony murder or murder under the natural and probable consequences doctrine. (*Id.* at pp. 270-271.) Of the three classifications, only provocative act murder requires proof that the defendant personally harbored express or implied malice. (*Gonzalez, supra,* 54 Cal.4th at p. 655.) Because appellant is not similarly situated to those eligible for relief under section 1172.6, his right to equal protection has not been violated.

*Disposition*

The order dated March 12, 2021 denying appellant's Petition for Resentencing is affirmed.

7

NOT TO BE PUBLISHED.


                                        YEGAN, J.


We concur:


          GILBERT, P. J.


          PERREN, J.*

---

* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Lynne M. Hobbs, Judge

Superior Court County of Los Angeles

_____

Janet Uson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Amanda V. Lopez, Blythe J. Leszkay, Deputy Attorneys General, for Plaintiff and Respondent.